IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMANTHA CELLA,<br><br>        PLAINTIFF,<br>v.<br><br>NORTHEAST DONUT SHOPS MANAGEMENT CORP. D/B/A DUNKIN' DONUTS,<br><br>        DEFENDANT. | Civil Action No.: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Samantha Cella, by and through her undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages and other relief on behalf of Plaintiff Samantha Cella (hereinafter "Plaintiff" or "Ms. Cella"), a former employee of Northeast Donut Shops Management Corp. d/b/a Dunkin' Donuts (hereinafter "DD" or "Defendant"). Despite her loyalty and consistent performance, Ms. Cella was subjected to discrimination on the basis of her disability and/or perceived disability, was denied an accommodation for her disability, and was retaliated against for requesting an accommodation for her disability and for complaining about the discrimination, culminating in her wrongful termination on August 22, 2019.

2. This action arises under the American with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On February 12, 2020, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On October 2, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.[1]

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

---

[1] It has been less than one year since Ms. Cella dual-filed her Charge of Discrimination as a Complaint with the Pennsylvania Human Relations Commission for Defendant's violations of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"). Ms. Cella will seek to amend her Complaint in this matter to add her PHRA claims once she has exhausted her administrative remedy with respect to those claims.

8. This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

**PARTIES**

9. Plaintiff Samantha Cella is an adult female citizen and resident of Philadelphia, Pennsylvania and the United States of America.

10. Ms. Cella is a qualified individual with a disability within the meaning of the ADA.

11. Ms. Cella's disability affects a major bodily function and substantially limits one or more major life activities.

12. Ms. Cella's disability has affected her for a period far in excess of six months.

13. Defendant is a quick service restaurant, with a location at 6391 Oxford Avenue, Philadelphia, PA 19149, where Ms. Cella was employed.

14. At all relevant times, upon information and belief, Defendant is and has been an employer employing more than 100 employees.

15. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

16. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

17. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

18. At all relevant times hereto, Plaintiff Samantha Cella was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

19. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

20. During her employment, Defendant regarded Ms. Cella as disabled.

21. This cause of action arose out of transactions or occurrences that took place in whole or in part in Philadelphia, Pennsylvania.

22. Defendant conducts substantial business within Philadelphia, Pennsylvania.

23. This Honorable Court has personal jurisdiction over the Defendant.

## FACTS

24. Ms. Cella began her employment as a Cashier for DD on or about August 3, 2019.

25. Prior to beginning her employment, in an effort to be completely transparent, open and honest, Ms. Cella voluntarily disclosed to Defendant that she had a disability, an auditory processing disorder and cataracts in her eyes.

26. On her very first day at work, on August 3, 2019, Ms. Cella began her shift at 7:00 a.m.

27. The franchise owner of the DD location at which Ms. Cella was employed, Linda [LNU], immediately asked Ms. Cella why she was putting her face so close to the screen.

28. In response, Ms. Cella stated that she had to get as close as possible to the screen in order to see it better.

29. In order to prepare the menu items, Defendant uses the MakeLine system, which displays the ordered items on an electronic monitor.

30. The monitor was placed at a high location in the store, and Ms. Cella had difficulty accurately viewing the items at the extended height.

31. On her second day of work, despite having been hired as a Cashier, Ms. Cella was tasked to prepare some of the food orders, which required her to view the MakeLine monitor.

32. Ms. Cella agreed to perform the additional duties, despite having been hired as a Cashier, indicating her outstanding work ethic and willingness to go above and beyond her original job duties.

33. Ms. Cella informed Linda that she was having trouble viewing the MakeLine monitor at its high location.

34. Ms. Cella requested accommodations for her disability to carry out the additional work, none of which were in any way excessive or unreasonable

35. Specifically, Ms. Cella requested to use the slips that printed out the menu items instead of the MakeLine monitor.

36. At the time, Linda responded that Ms. Cella would be permitted to use the slips to prepare the food items.

37. Using the slips, Ms. Cella successfully performed all job tasks during the first week of her employment.

38. Approximately one week later, upon inquiry regarding her failure to use the MakeLine screen, Ms. Cella repeated her request for accommodation to the General Manager, Ms. Kim.

39. Ms. Kim denied Ms. Cella's request for accommodation and thus rescinded the accommodation approved by Linda.

40. There was no reason for Ms. Kim to deny and rescind this very reasonable and minor accommodation, as the accommodation unquestionably would not, and did not, cause DD any burden whatsoever, and required no additional work from DD, given that the MakeLine system already printed out the slips.

41. Ms. Cella complained about the discrimination and failure to accommodate her disability, but was thereafter retaliated against for her complaints.

42. DD also failed to engage in a good faith, interactive process with respect to accommodating Ms. Cella's disability.

43. Notably, despite Ms. Cella's excellent performance and ability to competently perform her job with the minor accommodation of using the slips to prepare the food, less than one month after beginning her employment, and shortly after seeking accommodations and complaining about the discrimination, on or about August 19, 2019, DD terminated Ms. Cella.

44. In terminating Ms. Cella, DD specifically stated that it was terminating her because of her disability relating to her eyesight, which prevented her from using the MakeLine screen.

45. However, after Ms. Cella filed her Charge of Discrimination with the EEOC, DD suddenly claimed that Ms. Cella had been terminated and/or abandoned her job on August 17, 2019 due to alleged "No Call/No Shows."

46. Ms. Cella did not fail to call or arrive at work on any date.

47. Ms. Cella did not abandon her job or engage in any action or inaction that would indicate that she had abandoned her job.

48. In support of its new claim, DD provided a Notice of Separation.

49. In the Notice of Separation, it states, under "Explain in detail," that Ms. Cella had been scheduled to work on August 18, August 19, August 22, August 23, and August 24, 2020, but did not call or show up for work and had thus abandoned her job.

50. The Notice of Separation was signed by managers with the dates August 19, 2020 and August 20, 2020 next to their signatures.

51. The Notice of Separation demonstrates that the managers signed off on Ms. Cella's termination due to her having missed several days that had not yet occurred.

52. Thus, DD attempted to create a paper trail to justify its termination of Ms. Cella for a fabricated "legitimate" reason.

53. DD's newly proffered reason for Ms. Cella's termination is highly suspect, not only due to the extremely close proximity in time between her most recent requests for accommodation, complaints of discrimination, and her wrongful termination, but, most notably, by the glaring discrepancy in Defendant's Notice of Separation regarding the dates of her alleged absences and termination.

54. DD's own admission that it terminated Ms. Cella due to her disability, along with the suspicious timing of Ms. Cella's termination and significantly glaring discrepancy regarding DD's after-the-fact reason for Ms. Cella's termination, makes clear that DD discriminated against Ms. Cella on the basis of her disability or perceived disability, failed to engage in a good faith, interactive process with respect to accommodating Ms. Cella's disability, retaliated against Ms. Cella for her requests for accommodation, and retaliated against Ms. Cella for her complaints about discrimination and failure to accommodate her disability, culminating in her wrongful termination.

55. Ms. Cella has suffered mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendant.

56. Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Ms. Cella severe emotional distress.

57. Ms. Cella has suffered financial losses, which include, among other things, lost wages, medical expenses, and an obligation for attorneys' fees and costs of bringing suit, as a proximate result of the actions and inactions of Defendant.

## COUNT I
### The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

58. Plaintiff Samantha Cella repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

59. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

60. In discriminating against and harassing Ms. Cella on the basis of her disability and/or because Defendant regarded Ms. Cella as disabled, in denying and/or rescinding Ms. Cella her requested accommodation, and in retaliating against Ms. Cella for her complaints and for seeking reasonable accommodations, Defendant violated the ADA.

61. Said violations were intentional and willful.

62. Said violations warrant the imposition of punitive damages.

63. As the direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Plaintiff Samantha Cella has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

64. Plaintiff Samantha Cella repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Samantha Cella respectfully requests that this Court enter judgment in her favor and against Defendant Northeast Donut Shops Management Corp. d/b/a Dunkin' Donuts, and Order:

a. Appropriate equitable relief, including reinstatement or front pay;

b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination, retaliation and wrongful termination;

c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d. Defendant to pay Plaintiff punitive damages;

e. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f. Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g. Plaintiff be granted any and all other remedies available under the ADA; and

h. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues so triable.

                                          */s/ Christopher A. Macey, Jr.*
                                          Christopher A. Macey, Jr., Esquire
                                          Bell & Bell LLP
                                          One Penn Center
                                          1617 JFK Blvd. – Suite 1254
                                          Philadelphia, PA  19103

                                          *Attorneys for Plaintiff Samantha Cella*

Dated:  December 30, 2020